IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK MARQUET JEFFERSON,   ) | |
|     Movant,                                        ) | CRIMINAL NO: 10-00141-KD |
|                                                           ) | |
| v.                                                                 ) | |
|                                                           ) | |
| UNITED STATES OF AMERICA     ) | |
|     Respondent.                               ) | |

**ORDER**

This matter is before the Court on Movant Derrick Marquet Jefferson's Motion to Vacate pursuant to 28 U.S.C. § 2255, the United States' response, Jefferson's amended reply, and supplemental briefing. (Docs. 28, 34, 36, 38, 40, 41, 42, 43). Upon consideration, the motion is **GRANTED**. Re-sentencing is set for **January 20, 2017** at **11:00 a.m**.

Jefferson's motion challenges his 180 month sentence, which was enhanced pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a fifteen-year statutory minimum sentence. *See* § 924(e)(1). At sentencing, Court relied upon the following Alabama convictions in enhancing Jefferson's sentence: manslaughter, second degree assault, and second degree robbery. (Doc. 20, PSI at ¶¶ 27, 39, and 30).

The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th

Cir. 2016). These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays* at 731. On June 26, 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson v. United States*, 135 S. Ct. 2251, 2557-58, 2563 (2015). The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id* at 2563.[1]

Jefferson claims *Johnson* applies, and that his sentence was improperly enhanced pursuant to the ACCA because, without the application of the residual clause, he no longer has three qualifying predicate offenses. Jefferson concedes that his conviction for second degree robbery qualifies as an ACCA predicate offense based on the elements clause. (Doc. 28 at 6). At the hearing held on June 14, 2016, the Court previously determined that Jefferson's conviction for second degree assault remains a proper ACCA predicate, pursuant to the elements clause.[2] *See also United States v. Anderson,* 442 F. App'x 537, 539–40 (11th Cir. 2011) (per curiam) (concluding that Alabama's assault in the second degree statute is broader than ACCA provision defining violent felony, because conviction could be for reckless or intentional conduct under different alternative elements of statute, and reckless conduct did not necessarily require use of physical force, such that modified categorical approach was properly applied to determine whether offense qualified).

---

[1] This is Jefferson's first motion pursuant to § 2255. In *Welch v. United States*, the Supreme Court held that *Johnson* applied retroactively to cases on collateral review. 136 S. Ct. 1257 (2016). In *Mays v. United States,* the Court of Appeals for the Eleventh Circuit held that *Johnson* and *Descamps v. United States*, 133 S. Ct 2376 (2014) applied "retroactively in the first post-conviction context." 817 F.3d 728, 730 (11th Cir. 2016)(per curium).

[2] The PSI states that the Defendant struck the victim with a motor vehicle, causing physical injury. (Doc. 20 at 7). The state court indictment notes that the action was done "with intent to cause physical injury." (Doc. 34-1).

However, the use of Jefferson's conviction for manslaughter as an ACCA predicate offense requires examination. Though initially charged with murder, Jefferson was ultimately convicted of manslaughter in violation of Ala. Code § 13A-6-3. The murder indictment stated the Jefferson "did, with intent to cause the death of C.E.J., cause the death of C.E.J., by shooting him with a gun, in violation of §13A-6-2 of the Code of Alabama." (See Doc. 34, Attachment 2).

Alabama Code § 13A-6-3, under which Jefferson was convicted of manslaughter, states:

> A person commits the crime of manslaughter if: (1) He recklessly[3] causes the death of another, or (2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.

Ala. Code § 13A-6-3 (footnotes not in original).

As the Eleventh Circuit recently explained,

> When a statute covers some conduct that falls within, and other conduct that is broader than, a predicate offense as defined by the ACCA and when that statute is divisible,[4] we may use a modified categorical approach to determine whether a defendant's prior conviction qualifies. *See Descamps v. United States*, —— U.S. ––––, 133 S.Ct. 2276, 2281–82, 186 L.Ed.2d 438 (2013). Under the modified categorical approach, we look to a limited class of documents, such as the indictment and jury instructions, to determine which alternative element was the basis of the defendant's conviction. *Id.* at 2281. We then consider whether that element is encompassed by the ACCA predicate offense. *Id.*

*United States v. White*, --- F.3d ----, 2016 WL 5115328, at *2 (11th Cir. Sept. 21, 2016).

---

[3] Alabama Code § 13A-2-2 (3) defines Recklessly as follows: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates a risk but is unaware thereof solely by reason of voluntary intoxication, as defined in subdivision (e)(2) of Section 13A-3-2, acts recklessly with respect thereto."

[4] "A divisible statute 'sets out one or more elements of the offense in the alternative.' *Descamps v. United States*, —– U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). *See also Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016) (clarifying that a statute enumerating "various factual means of committing a single element" is not divisible)." *United States v. White*, --- F.3d ----, 2016 WL 5115328, at *2, n.3 (11th Cir. Sept. 21, 2016).

In *Shepard v. United States,* the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate offense, sentencing courts may only consider a limited set of documents. 544 U.S. 13, 26 (2005). The documents on which a court may rely under *Shepard* are the charging document, a written plea agreement, the transcript of the plea colloquy, any explicit factual finding by the trial judge to which the defendant consented, or some comparable judicial record of this information. *Id.* at 16, 26. In addition to *Shepard* documents, the Eleventh Circuit held that sentencing courts may rely on undisputed facts contained in a presentence investigation report. *United States v. Ramirez–Flores,* 743 F.3d 816, 820 (11th Cir. 2014).

Here, the PSI states, "Details of this offense reveal that, on December 12, 1994, the defendant killed [the victim] by shooting him in the chest with a gun." (Doc. 20 at 6). The government has stated that it has been unable, via *Shepard* documents, to determine which prong of the manslaughter statute was relied upon for Jefferson's manslaughter conviction. Specifically, the United States indicates that "efforts to secure *Shepard* documents related to the Murder/Manslaughter prosecution were to no avail" and that it "is not in a position to offer support as to which prong of the statute [Jefferson] entered a plea." (Doc. 38 at 2-3). Thus, the Court is unable to discern whether the manslaughter was committed "recklessly" or "under circumstances that would constitute murder…except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." Ala. Code § 13A-6-3. If it was based on the latter, the offense would be a qualifying offense. As for whether reckless conduct qualifies, the Court considers recent developments in the law.

In *Leocal v. Ashcroft,* the Supreme Court concluded that a conviction for driving under the influence and causing serious bodily injury, was not a crime of violence under a materially-identical elements/force clause in 18 U.S.C. § 16(a). 543 U.S. 1 (2004). Specifically, the Court held, "The key phrase in § 16(a)—the 'use ... of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Id*. at 9.   Since *Leocal*, the Eleventh Circuit has held "that a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement under [United States Sentencing Guidelines] § 2L1.2's definition of 'crime of violence.'" *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010).[5]

The Supreme Court recently decided *Voisine v. United States*, holding that "misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban" in 18 U.S.C. § 922(g)(9). 136 S. Ct. 2272, 2276 (2016). However, in footnote 4, the Court explained:

> Like *Leocal,* our decision today concerning § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior. Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states. Cf. *United States v. Castleman,* 572 U.S. ——, ——, n. 4, 134 S.Ct. 1405, 1411, n. 6, 188 L.Ed.2d 426 (2014) (interpreting "force" in § 921(a)(33)(A) to encompass any offensive touching, while acknowledging that federal appeals courts have usually read the same term in § 16 to reach only "violent force"). All we say here is that *Leocal*'s exclusion of accidental conduct from a definition hinging on the "use" of force is in no way inconsistent with our inclusion of reckless conduct in a similarly worded provision.

*Voisine v. United States*, 136 S. Ct. 2272, 2280, n. 4 (2016).[6]

---

[5] "In this Circuit, there is no material difference between the ACCA's use of the phrase 'violent felony' and the guidelines' use of the phrase 'crime of violence.' *See United States v. Harrison,* 558 F.3d 1280, 1291-92 (11th Cir.2009); *United States v. Archer,* 531 F.3d 1347, 1350 n. 1 (11th Cir.2008). The phrases are coterminous. *Harrison,* 558 F.3d at 1291 (noting that the phrases are 'identical ... in all material respects')." *United States v. Young*, 336 Fed. App'x. 954, 957, n. 2 (11th Cir. 2009).

[6] *See Johnson v. United States*, 559 U.S. 133, 140 (2010)(Noting that the definitions of violent felony contained in 18 U.S.C. §§ 16 and 924(e)(2)(B)(i) are "very similar.").

Thus, because *Voisine* did not overrule *Palomino Garcia*, it is the law that binds this Court. Pursuant to *Palomino Garcia*, a conviction premised upon reckless conduct would not qualify as an ACCA predicate. 606 F.3d 1317, 1336 (11th Cir. 2010). Because Jefferson's manslaughter conviction could have been based on reckless conduct, it was error to rely on this conviction to enhance Jefferson's sentence under the ACCA.

Accordingly, in light of current precedent, re-sentencing is appropriate. This matter is set for re-sentencing **January 20, 2017** at **11:00 a.m**., Courtroom 5A, U.S. District Court for the Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama, 36602. The Clerk is **DIRECTED** to issue a writ to have the Jefferson present for sentencing. The United States Probation Office is **DIRECTED** to prepare an amended Presentence Investigation Report without the ACCA calculation no later than **December 16, 2016**. The parties shall each file a Position with Respect to Sentencing Factors on or before **January 6, 2017**.

**DONE** and **ORDERED** this **13**th day of **October 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**